UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br>    ELJEN CORP.,<br>        Debtor | Chapter 11<br>Case No. 12-19105-hjb |

**MOTION OF PEOPLE'S UNITED BANK TO ENFORCE STIPULATION AND
CONSENT ORDER RESOLVING THE OBJECTION OF PEOPLE'S UNITED BANK
TO THE DEBTOR'S MOTION TO SELL REAL PROPERTY**

People's United Bank (the "Bank") hereby moves this Court to enforce the terms of the *Stipulation and Consent Order Resolving the Objection of People's United Bank to the Debtor's Motion to Sell Real Property* [Docket No. 69] as was approved by order of the Court date August 20, 2013 [Docket No. 73] (the "Consent Order") due to the failure of Synergy Concepts, LLC (the "Buyer") to perform its obligations under the stipulated to Consent Order. In support hereof, the Bank states as follows:

1.    On July 23, 2013, Eljen Corp. (the "Debtor"), the Bank and the Buyer entered into the Consent Order resolving the *Objection of People's United Bank to the Debtor's Motion to Sell Real Property* [Docket No. 56] (the "Sale Objection") and the Debtor's *Motion to Sell Real Property with Buildings Thereon Known as 40 Rugg Road, 76-84 Braintree Street and Three Parcels of Land with Buildings Thereon Known as 10-10R Penninman Street, Allston, Massachusetts Free and Clear of Liens, Claims and Encumbrances* [Docket No 33] (the "Sale Motion").

2.    Pursuant to the Consent Order, the Debtor and Buyer amended certain terms of the Purchase and Sale Agreement for the Debtor's sale of its real estate to the Buyer including,

without limitation, the provision of the Purchase and Sale Agreement providing for the conveyance of an easement to the Buyer prior to the closing of the sale of the Debtor's Real Estate to the Buyer.

3. The amended provisions of the Purchase and Sale Agreement provide, in relevant part, that:

> "Seller shall convey to Rugg Realty Trust an easement in the premises in the form annexed hereto as Exhibit A (the "Easement"), within 45 days of the filing of this Stipulation. If the sale of the Premises is completed and title conveyed to Buyer, as contemplated by this Agreement, no further consideration shall be due from Buyer to Seller for the Easement.
>
> The Buyer agrees to pay One Hundred Thousand and 00/100 Dollars ($100,000.00) for the Easement (the "Easement Purchase Price") at the time of conveyance of the easement.
>
> Buyer shall pay the Easement Purchase Price directly to the Seller's secured lender, People's United Bank, in cash, wire, or certified funds for application against the Seller's obligations to People's United Bank."

Consent Order at ¶ 1.

4. Given that the Consent Order was filed with the Court on July 23, 2013 and express terms of the Consent Order, the conveyance of the Easement was to occur on or before September 6, 2013. Notwithstanding the clear and unambiguous terms of the Consent Order, the Buyer maintained the position that the closing of the Easement was to occur on or before 45 days from the Court's approval of the Consent Order and further delayed its ultimate approval of the form of Easement, the terms of which were largely resolved when the Consent Order was submitted to the Court.

5. The final form of Easement was not approved by the Buyer until on or about October 17, 2013. Since October 18, 2013, the undersigned counsel has held the executed Easement in escrow subject to delivery of the Easement Purchase Price to the Bank which the Buyer has unjustifiably and in bad faith refused to pay in accordance with the agreed to terms of the Consent Order.

6. The Buyer's lack of good faith is further evidenced by the subsequent delays in closing that are the result of preconditions to closing which are neither identified in the Purchase and Sale Agreement or Consent Order. Following finalization and execution of the Easement, Buyer indicated that it would not close and pay the purchase price until each mortgagee, including the Bank, subordinated their Mortgage to the Easement. Despite the Bank's objection to the additional prerequisite to paying the Easement Purchase Price, the Buyer further delayed closing and ultimately secured subordinations from the mortgagees of record. Following the Buyer's representation that the requested subordinations had been obtained, the Bank once again attempted to close the sale of the Easement.

7. Last week, and upon pressure by the Bank to close the purchase of the Easement, the Seller indicated that it was no longer interested in purchasing the Easement but rather wanted to acquire the Debtor's obligations to the Bank. When presented with the Bank's requirement that the Buyer either purchase the Debtor's obligations to the Bank or the Easement by the close of business on December 20, 2013, the Buyer offered on December 20, 2013, to buy a 30-day option to purchase the Debtor's obligations. This offer, which did not materially differ from the Buyer's prior offer to acquire the Bank's obligations back in May, 2013, was similarly rejected.

8. Given the Buyer's attitude towards the purchase of the Easement and the ongoing delays and increased costs imposed by the Buyer's delay, the Bank has serious concerns and misgivings regarding the sale. In that regard, the Bank respectfully requests that this Court enter an Order (i) holding the Buyer in contempt of the Consent Order; (ii) directing the Buyer to perform immediately under the Consent Order or alternatively finding the Buyer in breach of the Purchase and Sale Agreement; (iii) directing the Buyer to reimburse the Bank's costs and expenses, including attorneys' fees, incurred in connection with enforcing the Consent Order and the sale of the Easement.

WHEREFORE, the Bank respectfully requests that the Court grant the Motion and such other and further relief as is just and appropriate.

          PEOPLE'S UNITED BANK

          By Its Counsel,

          /s/ Brendan C. Recupero
          Brendan C. Recupero (BBO# 645032)
          RUBERTO, ISRAEL & WEINER, P.C.
          255 State Street, 7th Floor
          Boston, MA 02109
          (617) 742-4200

Dated: December 23, 2013

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br>    ELJEN CORP.,<br>            Debtor | Chapter 11<br>Case No. 12-19105-hjb |

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the attached motion to those parties named on the attached Service List by mailing a copy of same, postage prepaid, this 23rd day of December, 2013 unless indicated otherwise thereon.

                Respectfully submitted,

                PEOPLE'S UNITED BANK

                By Its Counsel,

                /s/ Brendan C. Recupero
                Brendan C. Recupero (BBO# 645032)
                RUBERTO, ISRAEL & WEINER, P.C.
                255 State Street, 7th Floor
                Boston, MA 02109
                (617) 742-4200

SERVICE LIST

Nina M. Parker, Esq.
Parker & Associates
10 Converse Place
Winchester, MA 01890
**VIA ECF**

John P. Fitzgerald U.S. Department of Justice
Office of the U.S. Trustee
5 Post Office Square, Suite 1000
Boston, MA 02109
**VIA ECF**

Alissa Devlin, Esq.
Synergy Concepts, LLC
183 Harvard Ave.
Allston, MA 02134

Michael P. Murphy, Esq.
Regnante, Sterio and Osbourne, LLP
401 Edgewater Place
Wakefield, MA 01880

s:\wdox\bank_re\bank\10550\00017\00314179.doc